**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

**CIVIL ACTION NO. 20-106-DLB**

**TIM REED, INC.**                                                                              **PLAINTIFF**


**v.**                                          <u>**MEMORANDUM ORDER**</u>


**MOTORISTS MUTUAL INSURANCE COMPANY**                          **DEFENDANT**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This matter is before the Court upon Plaintiff Tim Reed, Inc.'s Motion to Remand (Doc. # 6).  Defendant Motorists Mutual Insurance Company having filed a Response (Doc. # 8) and Plaintiff having filed a Reply (Doc. # 9), the Motion is ripe for the Court's review.  For the reasons stated herein, Plaintiff's Motion to Remand is **granted**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Tim Reed, Inc., filed the instant lawsuit in Pike Circuit Court on August 1, 2019 against Defendant Motorist Mutual Insurance Company ("Motorist Mutual").  (Doc. # 1-4 at 1).  The Complaint alleges that on December 21, 2018, a 2018 Ford F-250 truck owned by Plaintiff and used in the course of Plaintiff's business was involved in an automobile accident.[1]  (*Id.* at ¶¶ 6, 13).  The truck was insured by Defendant Motorist Mutual, and Plaintiff alleges that Defendant's five-month delay in approving necessary repairs resulted in severe economic loss.  (*Id.* at ¶¶ 7-14).  In the Complaint, Plaintiff

---

[1]      The relevant truck was inaccurately described as a Ford F-150 in the Complaint.  (*See* Doc. # 6-1 at 2 n.1).

1

seeks compensatory damages and punitive damages as well as attorney's fees and costs. (*Id.* at 7-8).

On July 31, 2020, Defendant removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. # 1). The parties agree that the diversity of citizenship requirement of § 1332 is met, as Tim Reed, Inc. is a Kentucky corporation with its principal place of business in Kentucky and Defendant Motorists Mutual is an Ohio corporation with its principal place of business located in Ohio. (Doc. # 1-4 at ¶¶ 1-2). However, Plaintiff seeks remand to state court on the basis that the amount in controversy does not exceed the jurisdictional threshold of $75,000. (Doc. # 6-1 at 1).

In its Notice of Removal, Defendant relies on deposition testimony of Tim Reed, the owner of Tim Reed, Inc., who testified that the business loss Plaintiff experienced during the relevant five-month period amounted to an estimated $100,000 to $200,000, excluding punitive damages. (Docs. # 1 at 3 and 1-3 at 2). According to Defendant, that was the first time Plaintiff provided specific information regarding the amount of damages sought, and thus, based on that information, Defendant promptly removed the case to federal court. (Doc. # 1 at 3). Plaintiff asserts that the case should be remanded for two reasons. First, Plaintiff argues that it stipulated pre-removal that it is not seeking more than $75,000. (Doc. # 6-1 at 11-12). Second, Plaintiff alleges that Tim Reed's deposition testimony, in context, does not show that it is more likely than not that Plaintiff's damages exceed $75,000.

## II. ANALYSIS

Under 28 U.S.C. § 1446(c)(2), a defendant may "assert the amount in controversy in its notice of removal if removing from a jurisdiction where State practice either does not

2

permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013) (internal quotation omitted). When the plaintiff seeks an unspecified amount of damages, the Court must consider whether the amount in controversy requirement is met by a preponderance of the evidence. *Halsey v. AGCO Corp.*, 755 F. App'x 524, 526-27 (6th Cir. 2018) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014). A defendant need not show that the $75,000 threshold is met by a "legal certainty," but "must do more 'than show[] a mere possibility that the jurisdictional amount is satisfied.'" *Everett v. Version Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 n.2 (6th Cir. 1993)). In other words, the removing party has the burden of showing it is "more likely than not" that the amount in controversy exceeds $75,000. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019). "[T]he removal statute should be strictly construed and all doubts resolved in favor of remand." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 478 (6th Cir. 2014) (quoting *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)).

Kentucky pleading rules do not permit a plaintiff to demand a specific amount of damages in the complaint. *See* Ky. R. Civ. P. 8.01(2) (stating that "the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court"). In addition, a jury may award a larger recovery than that sought in the pleadings. *See* Ky. R. Civ. P. 54.03(2) (providing that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled,

even if the party has not demanded such relief in his pleadings").  Nevertheless, a plaintiff, as "master of the claim" may "take certain proactive steps to preclude removal from [his chosen] forum."  *Adams v. Volkswagen Grp. of Am., Inc.*, No. 15-184, 2016 WL 6986892, at *3 (E.D. Ky. Jan. 5, 2016) (quoting *Hoop v. Wal-Mart Stores East, LP*, No. 13-115, 2014 WL 1338704, at *2 (E.D. Ky. Mar. 31, 2014)).

More specifically, a plaintiff may stipulate pre- or post-removal that he "*will not seek or accept* damages in excess of $75,000," which limits a plaintiff's recovery and precludes removal to federal court.  *Heyman*, 781 F. App'x at 470 (discussing post-removal stipulation); *Adams*, 2016 WL 6986892, at *3 (applying same principle to pre-removal stipulation); *Hoop*, 2014 WL 1338704, at *4-5 (same).  Such a stipulation must be unequivocal.  *Heyman*, 781 F. App'x at 470; *see also Shupe*, 566 F. App'x at 481.  In order for a stipulation to be unequivocal, it must state both that the plaintiff does not seek more than $75,000 and that the plaintiff will not accept an award above that amount. *Adams*, 2016 WL 6986892, at *3 (citing *Spence*, 931 F. Supp.2d at 782; *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 775, 778 (W.D. Ky. 2002)).  For example, a statement in a complaint that the plaintiff is seeking less than $75,000 does not limit the judgment, as plaintiffs in Kentucky "are afforded substantial flexibility to amend their complaints." *Jefferson v. Hyatt Corp.*, No. 3:14-cv-601, 2015 WL 1611834, at *2 (W.D. Ky. Apr. 10, 2015).  Further, such a statement would be non-binding because, as noted above, under Kentucky law, a plaintiff may be awarded relief beyond that which he demanded. *Heyman*, 781 F. App'x at 470 (citing Ky. R. Civ. 54.03).

Here, Plaintiff asserts that a statement in the Complaint and statements it made in response to Defendant's discovery requests prior to removal constitute a stipulation

4

restricting damages to below the threshold amount.  (Doc. # 6-1 at 11).  Plaintiff asserts in its Complaint that "the damages are in excess of the jurisdictional limits of this Court, *but not the U.S. District Court*."  (Doc. # 1-4 at ¶ 3) (emphasis added).  When asked in a request for admission to "[p]lease admit the total amount in controversy regarding the claims of Tim Reed, Inc. exceeds $75,000, exclusive of costs and interest," Plaintiff responded "[d]eny."  (Doc. # 6-1 at 4).  And in response to a further request to "[p]lease admit the total amount in controversy regarding the claims of Tim Reed, Inc. will never exceed $75,000, exclusive of costs and interest," Plaintiff responded as follows: "Objection.  This request calls for speculation.  However, without waiving the objection, the Plaintiff states that it is not seeking damages in excess of $75,000.00 exclusive of costs and interests based upon the current facts and evidence."  (*Id.* at 5).  Finally, when asked to itemize damages in an interrogatory, Plaintiff responded: "The Plaintiff is not certain how to determine these values.  Plaintiff will accept what a jury would determine to be fair.  The Plaintiff will do its best to calculate a specific response not to exceed $75,000.00."  (*Id.* at 5).

These statements do not amount to an unequivocal stipulation restricting damages to below $75,000.  Plaintiff's assertion prior to removal that it is seeking less than $75,000 is not "unequivocal," as Plaintiff would still be permitted to recover more than that amount under Kentucky law.  *See Heyman*, 781 F. App'x at 470; *Jefferson*, 2015 WL 1611834, at *2.  Moreover, Plaintiff acknowledged that that amount could change based on the facts and evidence discovered in the course of the litigation, (*id.* at 5) (stating it was not seeking greater than $75,000 based on the current facts and evidence), and further indicated that it would "accept what a jury would determine to be fair," leaving open the possibility of an

award above $75,000, (*id.*).  Because Plaintiff did not stipulate that it would not *accept* an award exceeding $75,000, and instead, expressly left open that possibility, Plaintiff's argument that it stipulated pre-removal to damages under the federal jurisdictional amount fails.  *See Heyman*, 781 F. App'x at 470.

Finding no stipulation, the Court will next assess whether Defendant has met its burden of showing that it is more likely than not that the damages at issue is this case exceed $75,000.  *See Heyman*, 781 F. App'x at 470.  When considering whether the amount in controversy requirement is met, courts consider compensatory as well as punitive damages, "unless it is apparent to a legal certainty that [punitive damages] cannot be recovered."  *Id.* at 471 (quoting *Hayes*, 266 F.3d at 572).  In addition, "[a]s a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees."  *Id.* at 473 (alterations omitted) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)).

Here, Plaintiff's Complaint requests compensatory damages, punitive damages, and attorney's fees.  (Doc. # 1-4 at 7-8).  The parties appear to agree that the measure of compensatory damages in this case is Plaintiff's lost profits during the five-month period that the F-250 truck was out of commission and could not be used to pull riggs, (Docs. # 6-1 at 3 and 8 at 4, 6-7), which Plaintiff alleges was the result of Defendant's bad faith refusal to promptly approve repairs to the truck.  (Doc. # 1-4 at ¶¶ 13-14, 20-22, 25).  During his deposition, Tim Reed estimated that the company lost approximately $100,000 to $200,000 from January to May of 2019, while the truck was not able to be used for the business.  (Doc. # 8-1 at 5-8).  Mr. Reed characterized this amount as a

"guess" but explained that it was based on profits Tim Reed, Inc. made during the same five-month period in 2018 and 2020.  (*Id.* at 2-4, 8).  Thus, Defendant relies on this $100,000 to $200,000 estimate to demonstrate that the amount in controversy more likely than not exceeds $75,000, especially considering that Plaintiff also seeks punitive damages.  (Doc. # 8 at 4-7).

However, in its Motion to Remand, Plaintiff argues that its total business loss from January to May of 2019 does not accurately reflect the compensatory damages at issue in this case, because during that same time period in 2019, another of Plaintiff's trucks was in an accident.  (Doc. # 6-1 at 3, 10-11).  Plaintiff also lost use of two of its riggs during this period that caused additional losses.  (*Id.*).  Mr. Reed testified that loss of use of the second truck and riggs are not the subject of Plaintiff's claims, which relate solely to the Ford F-250 truck.  (Doc. # 9-1 at 4-7).  Mr. Reed similarly testified that not all of the lost revenue from January to May of 2019 could be attributed to loss of use of the F-250 truck, in light of these circumstances.  (Docs. # 8-1 at 2 and 9-1 at 4-7)

The legal basis for Plaintiff's claims includes an alleged violation of Kentucky's Unfair Claims Settlement Practices Act, Ky. Rev. Stat. § 304.12-230, breach of fiduciary duty, common law bad faith, and intentional misrepresentation.  (Doc. # 1-4 at ¶¶ 14-15, 19, 25, 28).  If Plaintiff succeeds on its claim pursuant to Ky. Rev. Stat. § 304.12-230, Plaintiff would be entitled to interest and attorney's fees.  *See* Ky. Rev. Stat. § 304.12-235.  Each of Plaintiff's claims of breach of fiduciary duty, common law bad faith, and intentional misrepresentation require proof of causation—that Defendant's breach of its duty, bad faith, or misrepresentation *caused* Plaintiff's alleged injury.  *See, e.g.*, *Kerns v. Beam*, No. 3:15-cv-212, 2018 WL 2449206, at *7 (W.D. Ky. May 31, 2018) (citing *Baptist*

7

*Physicians Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 436 S.W.3d 189, 193 (Ky. 2013)); *see generally Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 324 (6th Cir. 2011) (stating that under Kentucky law, a "defendant's tortious conduct must be the proximate cause of the damages").

It is clear from Plaintiff's Complaint and Tim Reed's deposition testimony that Plaintiff seeks only compensatory damages that resulted from the Ford F-250 truck being unusable for a five-month period.  (Docs. # 4-1 at ¶¶ 6-14 and 9-1 at 4-7).  Despite Mr. Reed's testimony that within three days of the accident involving the Ford F-250 truck, another of Plaintiff's trucks was in an accident and that Plaintiff lost use of two of its riggs during the relevant time period, Defense counsel asked no follow up questions such as how many trucks Plaintiff owns, how long the second truck was out of use, how long the riggs were out of use, how much business can be attributed to a single truck's use on average, etc.  Thus, the Court is left to speculate as to how much of the estimated $100,000 to $200,000 in losses during the relevant period related to Defendant's alleged failure to promptly approve repairs of the Ford F-250 truck.  Recognizing that Defendant need not show that the amount in controversy exceeds the $75,000 with a degree of "legal certainty," the estimate of total business loss for the relevant period of time simply does not prove that it is more likely than not that the value of Plaintiff's claims exceeds the jurisdictional threshold.  *See Everett*, 460 F.3d at 829.  In addition, without the starting point of an estimate of the value of compensatory damages, the fact that Plaintiff also seeks punitive damages and attorney's fees does not push the amount over the jurisdictional limit.

### III.    CONCLUSION

For the reasons stated herein, **IT IS ORDERED** as follows:

(1)    Plaintiff's Motion to Remand (Doc. # 6) is **GRANTED** and this matter is

hereby **REMANDED** to the Pike Circuit Court; and

(2)    This matter is **STRICKEN** from the Court's active docket.

This 16th day of December, 2020.



Signed By:

*__David L. Bunning__*

**United States District Judge**

J:\DATA\ORDERS\PikeCivil\2020\20-106 Order re MTR.docx